IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| VICKI BOWEN | ) | |
|     Plaintiff | ) | |
| | ) | |
| VS. | ) | Case No. 6:25-cv-3257 |
| | ) | |
| MISSOURI DEPARTMENT | ) | |
| OF CORRECTIONS | ) | |
|     Defendant | ) | JURY TRIAL DEMANDED |

## COMPLAINT

1. This action is brought pursuant to the Civil Rights Act of 1964 and the Age Discrimination in Employment Act.

2. The events giving rise to this action occurred in the Western District of Missouri.

3. Defendant is a department of the State of Missouri.

4. Plaintiff was an employee of the Missouri Department of Corrections between January and November 2023.

5. Plaintiff was employed by Defendant as a corrections officer at the Ozark Correctional Center in Fordland, MO.

6. Plaintiff is female.

7. Plaintiff is over the age of 40 years and under the age of 70 years.

8. While employed by Defendant Plaintiff reported that an older male officer and a younger female officer living together even though the older male officer was married.

9. The aforesaid male officer was a Lieutenant and the direct superior of the female officer.

10. The aforesaid behavior was considered fraternization and was against Defendant's policies.

11. The aforesaid officers were also being paid wages for working five days per week even though they only worked three days per week.

12. On or about November 2, 2023 Defendant, through the warden at Ozark Correctional Center, terminated Plaintiff's employment.

13. The stated reason for terminating Plaintiff's employment was that Plaintiff had engaged in "avoidable familiarity" with inmates.

14. Plaintiff had not engaged in improper conduct or familiarity with inmates.

15. Younger female employees and male employees of Defendant had engaged in overly familiar conduct with inmates and were not disciplined for said actions.

16. Younger female and male employees were treated more favorably than Plaintiff for the same actions.

17. Younger female and male employees were not discharged for actions that were more severe than the actions Plaintiff was accused of.

18. Defendant did not engage in any pre-termination progressive disciplinary action with Plaintiff prior to Plaintiff's termination.

19. Plaintiff's age and sex were motivating factors in Defendant's termination of Plaintiff's employment.

20. Defendant further retaliated against Plaintiff for reporting improper fraternization among officers and between officers and inmates.

21. As a result of Defendant's actions Plaintiff has been damaged.

22. Defendant knew that its actions were unlawful.

23. Defendant knew that its actions would cause damage to Plaintiff.

24. On or about April 15, 2024 Plaintiff filed a Charge of Discrimination with the EEOC. A true and accurate copy is attached hereto as Exhibit 1 and incorporated herein by reference.

25. On July 10, 2025 the EEOC issued Plaintiff a Notice of Right to Sue. A true and accurate copy is attached hereto as Exhibit 2 and incorporated herein by reference.

26. Plaintiff demands a Trial by Jury on all matters so triable.

WHEREFORE Plaintiff prays the Court for judgment against Defendant for Plaintiff's damages, including back and front pay, emotional distress, attorney fees, costs, reinstatement, and such other relief as is just and lawful.

LAMPERT LAW OFFICE, LLC

By: /s/ Raymond Lampert
    Raymond Lampert, #57567
    1531 E. Bradford Pkwy, Ste 200
    Springfield, MO 65804
    Phone: (417) 886-3330
    Fax: (417) 886-8186
    ray@lampertlaw.net
    *Attorney for Plaintiff*