IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| VICKI BOWEN, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 25-03257-CV-S-JAM |
| MISSOURI DEPARTMENT OF CORRECTIONS, | ) ) ) ) | |
| Defendant. | ) ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant Missouri Department of Corrections' Motion to Dismiss Plaintiff Vicki Bowen's Complaint. (Doc. 8) For the reasons stated below the Motion will be denied.

### I. FACTS AND BACKGROUND

On September 8, 2025, Plaintiff filed a Complaint against Defendant pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act ("ADEA"), alleging sex discrimination, age discrimination, and retaliation.[1] (Doc. 1) Plaintiff alleges that she was employed by Defendant as a corrections officer from January 2023 until November 2, 2023, when she was terminated for what Defendant described as "avoidable familiarity" with inmates. (Doc. 1, ¶¶ 4, 5, 12, 13) Plaintiff asserts that, in fact, age and sex were motivating factors for her termination (Doc. 1, ¶ 19), and that Defendant retaliated against her for reporting improper fraternization among officers and between officers and inmates (Doc. 1, ¶ 20).

---

[1] It is unclear from the Complaint whether Plaintiff's retaliation claim is brought under Title VII, ADEA, or both (*see* Doc. 1, ¶ 1), and Plaintiff's suggestions in opposition suggest that her retaliation claim is brought under both statutes (Doc. 12, p. 3). Either way, the Court's analysis is the same.

Specifically, Plaintiff alleges that younger female employees and male employees of Defendant engaged in overly familiar conduct with inmates and those employees were treated more favorably and were not disciplined or terminated. (Doc. 1, ¶¶ 15-17) Plaintiff further alleges that she "reported that an older male officer and a younger female officer [were] living together even though the older male officer was married" and he was the younger female officer's direct supervisor, which violated Defendant's policies (Doc. 1, ¶¶ 8-10), and that those officers were "paid wages for working five days per week even though they only worked three days per week" (Doc. 1, ¶ 11). Plaintiff dually filed a Charge of Discrimination with the Missouri Commission of Human Rights ("MCHR") and Equal Employment Opportunity Commission ("EEOC") on April 15, 2024. (Docs. 1, ¶ 24; 1-2) On July 10, 2025, the EEOC issued Plaintiff a Notice of Right to Sue, that referenced EEOC charge no. 560-2024-02219 and an ADEA only claim. (Docs. 1, ¶ 25; 1-3)

In its Motion to Dismiss, Defendant argues that Plaintiff's Title VII claims for sex discrimination and retaliation should be dismissed because: 1) Plaintiff failed to plead a prima facie case for each claim; and 2) any amendment would be futile because Plaintiff failed to obtain a Notice of Right to Sue for these claims, in that the notice references only an ADEA claim. (Doc. 8, pp. 4–5, 6-7) Defendant also contends that Plaintiff's age discrimination claim should be dismissed for failure to plead a prima facie case. (Doc. 8, p. 7) Plaintiff filed suggestions in opposition (Doc. 12), and Defendant replied (Doc. 13).

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed for "failure to state a claim upon which relief can be granted." *See Ashcroft v. Iqbal,* 556 U.S. 662, 677-87 (2009). To survive a motion to dismiss under rule 12(b)(6), a complaint must allege facts sufficient

to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. In ruling on a motion to dismiss, this Court "must liberally construe [the] complaint in favor of the plaintiff." *Huggins v. FedEx Ground Package Sys., Inc.*, 592 F.3d 853, 862 (8th Cir. 2010). In doing so, the Court will "accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief." *Schaaf v. Residential Funding Corp.,* 517 F.3d 544, 549 (8th Cir. 2008) (citing *Twombly*, 550 U.S. at 554-55). At the motion to dismiss stage, the Court considers "matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned." *Miller v. Redwood Toxicology Lab, Inc.,* 688 F.3d 928, 931 n.3 (8th Cir. 2012).

### III. DISCUSSION

*A. Exhaustion of Administrative Remedies*

Exhaustion of administrative remedies is a fundamental component of Title VII's framework. *Zarn v. Minn. Dep't. of Human Servs.*, 165 F.4th 1143, 1149 (8th Cir. 2026). Under Title VII, "a plaintiff must 'provide[] the EEOC the first opportunity to investigate discriminatory practices and enable[] it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts.'" *Ringhofer v. Mayo Clinic, Ambulance*, 102 F.4th 894, 898 (8th Cir. 2024) (alterations in original) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)). To exhaust administrative remedies, a plaintiff must: (1) timely file a charge of discrimination with the EEOC, setting forth the facts and nature of the charge; and (2) receive

3

notice of the right to sue from the EEOC. 42 U.S.C. §§ 2000e-5(b), (c), (e); *see also Stuart v. Gen. Motors Corp.*, 217 F.3d 621, 630 (8th Cir. 2000).

Title VII's exhaustion requirement is a statutory procedural obligation for plaintiffs, however it is not a jurisdictional prerequisite. *Ft. Bend Cnty., Texas v. Davis*, 587 U.S. 541, 551 (2019) ("Title VII's charge-filing requirement is a processing rule, albeit a mandatory one, not a jurisdictional prescription delineating the adjudicatory authority of courts."). Failure to obtain a Notice of Right to Sue is therefore subject to waiver, estoppel, and equitable tolling, and may be cured after the action has commenced. *Walker v. St. Anthony's*, 881 F.2d 554, 556-57 (8th Cir. 1989); *see also Kent v. Dir., Missouri Dep't. of Elementary & Secondary Educ. & Div. of Vocational Rehab.*, No. 92-00007-CV-SE-SNL, 792 F. Supp. 59, 62 (E.D. Mo. June 2, 1992) ("A right-to-sue letter is no longer considered a jurisdictional prerequisite to bringing a Title VII claim, however, receipt of a right-to-sue letter is a statutory prerequisite, that is, a condition precedent to bringing a discrimination suit."); *Rippee v. WCA Waste Corp.*, No. 09-3402-CV-S-MJW, 2010 WL 816625, at *3 (W.D. Mo. Mar. 4, 2010) (denying a defendant's motion to dismiss for failure to fulfill statutory prerequisites where the plaintiff filed his notice of right to sue as a part of his amended complaint); *see also Walker v. Missouri Dep't. of Corr.*, No. 20-CV-04251-NKL, 2022 WL 2007393, at *5 (W.D. Mo. June 6, 2022) (finding that the plaintiff's failure to give notice of her hostile work environment claim in her administrative complaint was a ground for summary judgement against her) (citing *Wilkie v. Dep't. of Health & Hum. Servs.*, 638 F.3d 944, 949 (8th Cir. 2011)).

Here, Plaintiff received a Notice of Right to Sue (Doc. 1-3), in which the EEOC stated Plaintiff was entitled to file a lawsuit under ADEA. Following the charge number, the Notice contains a parenthetical: "(ADEA Only)." (Doc. 1-3) Defendant argues that, as a result, Plaintiff

cannot bring her Title VII claims before this Court because she has not received a Notice of Right to Sue as to her sex discrimination and retaliation claims. In opposition, Plaintiff argues that she complied with the necessary procedural requirements, and that Defendant's arguments are unsupported by statute, regulation, or judicial precedent. (Doc. 12, pp. 3-4) She states that "any potential defect of the EEOC's right to sue letter does not invalidate her right to bring a claim under Title VII." (Doc. 12, p. 1)

With respect to claims brought pursuant to Title VII, under 29 C.F.R. § 1601.28(a), upon request, the EEOC issues a Notice of Right to Sue when a charge has been dismissed or otherwise processed. Indeed, the EEOC issues such notice even when it makes a finding that there is no reasonable cause to believe that a plaintiff's charge was true, or when claims are not plausible on the face of the charge. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Ft. Bend Cnty., Texas,* 587 U.S. at 545 ("In the event that the EEOC determines there is 'n[o] reasonable cause to believe that the charge is true,' the Commission is to dismiss the charge and notify the complainant of his or her right to sue in court.") (citation omitted); *Jones v. Natl. Am. U.,* 608 F.3d 1039, 1043 (8th Cir. 2010) ("The EEOC dismissed [Plaintiff's] charge with a finding of no probable cause and issued her a right to sue letter."); *Meredith v. Baldwin Piano, Inc.,* No. 8-CV-00046-SWW, 2009 WL 10711618, at *2 (E.D. Ark. July 6, 2009) (referencing the EEOC issuing a Notice of Right to Sue stating the plaintiff's claim was untimely). The notice must include: (1) authorization to the aggrieved person to bring a civil action under Title VII; (2) advice concerning the institution of such action; (3) the charge itself; and (4) the Commission's decision, determination, or dismissal. 29 C.F.R. § 1601.28(e).

Similarly, for claims brought under ADEA, the EEOC will issue a Notice of Dismissal or Termination when a charge has been dismissed or otherwise terminated. 29 C.F.R. §

5

1626.17(a)(1). The Notice of Dismissal or Termination must include: "(1) a copy of the charge; (2) notification that the charge has been dismissed or the Commission's proceedings have otherwise been terminated; and (3) notification that the aggrieved person's right to file a civil action against the respondent on the subject charge under ADEA will expire 90 days after receipt of such notice." 29 C.F.R. § 1626.17(c). Notably, when a charge is filed under both the ADEA and Title VII, the EEOC will concurrently issue the Notice of Dismissal or Termination as required by 29 C.F.R. § 1626.17 and the Notice of Right to Sue in accordance with 29 C.F.R. § 1601.28. *See* 29 C.F.R. § 1626.17(a)(2).

Plaintiff's attached charge does not reflect a charge number, and it is difficult to discern if the attached Notice is one of two notices or something else. (*See* Docs. 1-2, 1-3) Nonetheless, based on the Complaint presently before the Court, and taking Plaintiff's factual allegations as true, the EEOC issued a Notice of Right to Sue over a year after Plaintiff filed her charge (Doc. 1, ¶¶ 24-25), and the attached notice did not include Plaintiff's Title VII sex discrimination and retaliation claims, despite her charge including these claims. (Doc. 1-2) The EEOC had an obligation based on the charge submitted to issue a Notice of Right to Sue as to Plaintiff's Title VII claims upon dismissal of the charge.

Moreover, another purpose of the exhaustion requirement is to provide notice to the employer of the claims being asserted. *See Ft. Bend Cnty., Texas,* 587 U.S at 552; *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005); *Stuart,* 217 F.3d at 630. In determining whether a plaintiff has exhausted their administrative remedies, courts look to the contents of the charge itself, including the boxes checked and the factual allegations set forth in the narrative portion. *See Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011); *Tyler v. Univ. of Ark. Bd. of Tr.*, 628 F.3d 980, 989 (8th Cir. 2011). A plaintiff will be deemed to have exhausted

6

administrative remedies if the allegations in their complaint are "like or reasonably related" to those raised in the administrative charge. *Wedow v. City of Kansas City, Missouri*, 442 F.3d 661, 672 (8th Cir. 2006) (quoting *Anderson v. Block*, 807 F.2d 145, 148 (8th Cir. 1986)).

Here, the charge that Plaintiff filed with the EEOC (Doc. 1-2) explicitly asserts discrimination based on sex, age, and retaliation, and the charge narrative provides factual allegations regarding each of these claims. (Doc. 1-2) Since the claims in Plaintiff's Complaint are substantively identical to those raised in her EEOC charge, Defendant was on notice of the specific factual basis for Plaintiff's claims beginning at the charge phase. *See Little Rock Mun. Water Works*, 21 F.3d at 223 ("Allowing a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, *as well as deprive the charged party of notice of the charge*, as surely as would an initial failure to file a timely EEOC charge.") (emphasis added); *Norgren v. Minnesota Dep't. of Hum. Servs.*, 96 F.4th 1048, 1055 (8th Cir. 2024) ("the purpose of filing a charge of discrimination with the EEOC is to give the employer notice."); *see also Warwas v. Jos. A. Bank Clothiers, Inc.,* No. 00-2010-DWF-AJB, 2001 WL 586725, at *2 (D. Minn. May 29, 2001)("administrative exhaustion serves to provide fair notice of the charges against a certain party").

The EEOC gave official notice that it dismissed Plaintiff's charge, which would have included dismissal of her allegations under Title VII. (Doc. 1-3) Under 29 C.F.R. §§ 1601.28(a)(1) and 1626.17(a)(2), Plaintiff also should have received authorization to bring a civil action under Title VII. And the scope of Plaintiff's Complaint is no broader than that reasonably expected to grow from the administrative charge. *See Weatherly v. Ford Motor Co.,* 994 F.3d 940, 945 (8th Cir. 2021).

7

As both reasons for exhaustion of administrative remedies have been satisfied by Plaintiff's administrative charge, the fact that the attached EEOC Notice referred to the ADEA claim alone does not preclude Plaintiff from pursuing her Title VII claims at this juncture. Accordingly, Defendant's Motion (Doc. 8) is denied with respect to its argument that Plaintiff failed to exhaust her administrative remedies.

## B. Sufficiency of Pleadings

Defendant further argues that Plaintiff's age discrimination, sex discrimination, and retaliation claims are deficient because she has failed to sufficiently plead a prima facie case for each claim. At the pleading stage, under Fed. R. Civ. P. 8(a)(2), a plaintiff need only offer "a short and plain statement of the claim showing that [she] is entitled to relief." *See Twombly,* 550 U.S. at 555. A complaint is sufficient if it provides the defendant with fair notice of the plaintiff's claim and the grounds upon which it rests. *Ring v. First Interstate Mortg., Inc.,* 984 F.2d 924, 928 (8th Cir. 1993). Under the Federal Rules of Civil Procedure, "a court may dismiss a complaint only if it is clear that *no* relief could be granted under *any* set of facts that could be proved consistent with the allegations." *Dingxi Longhai Dairy, Ltd. v. Becwood Tech. Grp. L.L.C.*, 635 F.3d 1106, 1109 (8th Cir. 2011) (quotation omitted) (emphasis in original).

Moreover, at the pleading stage in a discrimination case, the prima facie model is not a pleading standard. *Warmington v. Bd. of Regents of Univ. of Minn.*, 998 F.3d 789, 796 (8th Cir. 2021). Instead, a plaintiff must allege facts sufficient to raise a reasonable inference that the defendant is liable for the alleged misconduct. *Wilson v. Ark. Dep't. of Hum. Servs.*, 850 F.3d 368, 371 (8th Cir. 2017). The elements of the prima facie case create the prism that informs the plausibility determination of a claim. *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016); *Warmington*, 998 F.3d at 796. In this context, the complaint "must include sufficient factual

allegations to provide the grounds on which the claim rests." *Warmington*, 998 F.3d at 796. (quoting *Blomker*, 831 F.3d at 1056).

      1. ADEA Claim

Defendant asserts that Plaintiff's ADEA claim fails under Fed. R. Civ. P. 12(b)(6) because she has not established a prima facie case of age discrimination. To state a prima facie claim of age discrimination, a plaintiff must establish: (1) she is over 40 years old; (2) she met the applicable job qualifications; (3) she suffered an adverse employment action; and (4) facts showing age was a factor in the employer's termination decision. *Canning v. Creighton Univ.*, 995 F.3d 603, 611 (8th Cir. 2021). Again, the prima facie model is evidentiary in nature and does not serve as a pleading standard at this juncture. *Warmington*, 998 F.3d at 796.

Defendant argues that Plaintiff's Complaint does not allege any facts to support her statement that age was a factor in Defendant's decision to terminate her employment and instead consists "mainly of conclusory allegations rather than specific facts." (Doc. 8, p. 8; Doc. 13, p. 7) However, the Complaint and EEOC charge set forth Plaintiff's allegations of what Defendant asserted was the basis for Plaintiff's termination and allege that younger female corrections officers were treated more favorably. (*See* Docs. 1, ¶¶ 13-17; 1-2) She alleges that Defendant's stated reason for terminating her employment was for "avoidable familiarity" with inmates, even though she had not engaged in such conduct, and that the prison's warden did not specify what actions she took that constituted "avoidable familiarity." (*See* Docs. 1, ¶¶ 13-14; 1-2) Plaintiff alleges that younger female employees touched inmates on the chest, wiped sweat off their foreheads, hugged them, and fist bumped them, and were not terminated for this conduct. (*See* Docs. 1, ¶ 17; 1-2)

9

Defendant also argues that Plaintiff has not alleged that she met applicable job qualifications. (Doc. 13, p. 7) Here, Plaintiff was hired and employed by Defendant for nearly a year, and alleges that she did not receive any pre-termination progressive disciplinary action. (Doc. 1, ¶¶ 4-5, 18) This reflects, at least for purposes of this phase, that Plaintiff was qualified for the position and performing her job duties adequately. *See Riley v. Lance, Inc.,* 518 F.3d 996, 1000 (8th Cir. 2008) (finding that a plaintiff was qualified for their job when they had been satisfactorily completing their job duties).

Taking all of the facts Plaintiff has pled as true, she has sufficiently pled facts to raise a reasonable inference that Defendant discriminated against Plaintiff because of her age. Accordingly, Plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1014 (8th Cir. 2014) (quoting *Twombly*, 550 U.S. at 569-70).

    2. *Sex Discrimination Claim*

Defendant further argues that Plaintiff's sex discrimination claim is insufficient because she has failed to plead that her termination was based on her sex or that sex played any role in Defendant's decision. (Doc 8, pp. 3-5; Doc. 13, pp. 5-7) Specifically, Defendant asserts that Plaintiff has not sufficiently alleged any adverse action caused by her sex. (Doc. 8, p. 4) For purposes of establishing the prism through which the Court assesses the plausibility of Plaintiff's Title VII sex discrimination claim, the prima facie elements include that: "(1) [plaintiff] belongs to a protected class; (2) [plaintiff] was qualified to retain the job; (3) [plaintiff] suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Boston v. TrialCard, Inc.*, 75 F.4th 861, 867 (8th Cir. 2023).

Plaintiff asserts that Defendant told her she was terminated for "avoidable familiarity" with inmates, while male corrections officers who engaged in "overly familiar acts" with inmates were not investigated or terminated for this conduct. (*See* Docs. 1, ¶ ¶ 13-17; 1-2) For pleading purposes, these factual allegations are sufficient to suggest that Plaintiff, a female, suffered an adverse action, namely termination, because of her sex. Under Rule 8 and the *Twombly* standard, these allegations are enough to raise a plausible inference of discrimination. Accordingly, Plaintiff has sufficiently pled a sex discrimination claim at this stage.

3. Retaliation Claim

Defendant also argues that Plaintiff did not sufficiently plead facts to show that her employment was terminated because she engaged in a statutorily protected activity. (Doc. 8, p. 5-7; Doc. 13, p. 3-5) Again, to create the prism for plausibility assessment, a prima facie retaliation claim includes that: (1) a plaintiff engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) the adverse action was causally linked to the protected conduct. *See Sellars v. CRST Expedited, Inc.,* 13 F.4th 681, 694 (8th Cir. 2021) (elements of prima facie case of retaliation under Title VII); *Berg v. Bruce*, 112 F.3d 322, 328 (8th Cir. 1997) (elements of prima facie case of retaliation under ADEA). Complaints regarding discriminatory conduct may constitute protected activity. *Bakhtiari v. Lutz,* 507 F.3d 1132, 1137 (8th Cir. 2007) (noting that "protected activity" includes opposition to discriminatory employment practices prohibited under Title VII); *Kempcke v. Monsanto Co*., 132 F.3d 442, 445 (8th Cir. 1998) ("Protected activity includes 'oppos[ing] any practice made unlawful' by the ADEA, § 623(d).") A plaintiff need not establish that the conduct she opposed was in fact discriminatory; rather she need only demonstrate that he had a "good faith, reasonable belief that the underlying challenged conduct violated the law." *Buettner v. Arch Coal Sales Co.,* 216 F.3d 707, 714 (8th Cir. 2000).

Specifically, Defendant argues that Plaintiff has not identified any protected activity that she engaged in, nor demonstrated a causal link between that activity and her termination. (Doc. 8, pp. 5-6) Plaintiff argues that she complained about the preferential treatment that male employees and younger female employees received, and her good-faith reasonable belief that this treatment was unlawful was sufficient for her complaints to constitute protected activity under Title VII and ADEA. (Doc. 12, p. 3) Plaintiff has sufficiently pled facts to satisfy the basic pleading requirements under Rule 8 and *Twombly*. Plaintiff asserts that she made a report to the prison warden regarding an older, married, male corrections lieutenant, living with his subordinate, a younger female office, in violation of Defendant's policies regarding fraternization. (Docs. 1, ¶¶ 8-10; 1-2) Plaintiff alleges that, after she raised these concerns, she was terminated for "avoidable familiarity," even though other employees engaged in conduct that was against Defendant's policies and were not investigated and/or terminated for that conduct. (Docs. 1, ¶ 17; 1-2) These allegations raise a plausible inference of retaliation at this juncture.

Construing the Complaint in the light most favorable to Plaintiff and accepting as true all facts alleged, Plaintiff has met the pleading requirement at this stage of the proceedings and adequately alleges each of her claims.

## IV. CONCLUSION

After careful consideration and for the reasons set forth above, Defendant's Motion (Doc. 8) is denied.

/s/ *Jill A. Morris*
JILL A. MORRIS
UNITED STATES MAGISTRATE JUDGE
